# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00415-CV

**Progressive County Mutual Insurance Company, Appellant**

**v.**

**Karen Wade, Appellee**

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-002671, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Progressive County Mutual Insurance Company (Progressive) filed a petition for permissive appeal, challenging the trial court's denial of its motion for summary judgment. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d); Tex. R. App. P. 28.3. For the following reasons, we deny the petition for permissive appeal.

This dispute arose from a motor-vehicle crash involving Appellee Karen Wade and third-party Dixon Stovall. When Wade filed a claim pursuant to the uninsured/underinsured motorist coverage clause (UM/UIM clause) of her automobile liability policy with Progressive, Progressive denied the claim based on the self-insurer exception to the policy, which excepts

vehicles "owned or operated by a self-insurer under any motor vehicle law" from the definition of an "uninsured motor vehicle."[1]

Wade thereafter brought a breach-of-contract claim against Progressive, alleging that Progressive improperly denied coverage of her claim. Progressive moved for summary judgment, arguing that the self-insurer exception applied to prevent recovery of UM/UIM benefits. Before the trial court, the parties did not dispute that the crash occurred or that Wade has UM/UIM coverage under her automobile-liability policy, but rather disputed the factual circumstances surrounding the crash and the applicability of the self-insurer exception. In support of its summary-judgment motion, Progressive filed a declaration by one of its claim investigators asserting that the vehicle driven by Stovall was owned by a car rental company; Progressive also presented evidence that the car-rental company was self-insured. In contrast, Wade responded that genuine issues of material fact existed that precluded deciding as a matter of law whether the self-insurer exclusion applied. Wade relied on the peace officer's crash report to show that the vehicle was owned by Stovall solely, as well as other affidavits and documents to contend that Stovall's vehicle was covered by an automobile liability policy issued by a different insurance company. Wade also emphasized that no evidence established that the vehicle was subject to any policy of self-insurance, even if the vehicle was owned by the car-rental company.

Without making any express finding on these contested factual issues, the trial court denied the amended motion for summary judgment. The court also granted the request for permissive interlocutory appeal on the "controlling" question of law whether the self-insured

---

[1] "Uninsured motor vehicle" is separately defined to include an "underinsured motor vehicle."

exception provision precluded UM/UIM policy benefits when the tortfeasor's vehicle was owned or operated by a self-insurer such as a rental-car company.

Under Subsection 51.014(d), a petitioner may seek a permissive appeal from a court of appeals if there exists a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. Tex. Civ. Prac. & Rem. Code § 51.014(d); *see also Undavia v. Avant Med. Grp., P.A.*, 468 S.W.3d 629, 632 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Progressive argues there is a controlling question of law here because the dispute turns on the interpretation of the self-insurer exception and deciding the issue will advance the litigation because Progressive's primary defense is based upon the application of this contractual provision. *See Austin Com., L.P. v. Texas. Tech Univ.*, No. 07-15-00296-CV, 2015 WL 4776521, at \*2 (Tex. App.—Amarillo Aug. 11, 2015, order) (per curiam) (mem. op.) (holding that "an actual interpretation of the contract" would be controlling question of law).

In the record before us, however, the parties presented conflicting evidence to the trial court regarding the ownership and self-insured status of the vehicle driven by Stovall. The "viability of the claim" therefore turns not only on a legal issue of contractual interpretation, but also on the determination of fact issues. *See Undavia*, 468 S.W.3d at 633 (explaining that controlling question of law exists only if "the viability of the claim depends on the court's determination of the question of law"); *see also Armour Pipe Line Co. v. Sandel Energy, Inc.*, No. 14-16-00010-CV, 2016 WL 514229, at \*3 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, no pet.) (per curiam) (mem. op.) (explaining that permissive appeal is not appropriate when facts are in dispute). Accordingly, resolution of the issue in the summary judgment does not rest on a controlling legal issue. *See Undavia*, 468 S.W.3d at 634.

Having carefully reviewed the petition, we conclude that Progressive did not establish the statutory requirements for a permissive appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d). Accordingly, we deny Progressive's petition for permissive appeal.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Filed:  February 10, 2022

4